UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF NEW YORK
------------------------------------------------------
In re

       RICHARD VALENTINE              13-11686 B
       SUSAN VALENTINE

            Debtors                 DECISION & ORDER
------------------------------------------------------

                Morris L.  Horwitz, Esq.
                1440 Rand Building
                14 Lafayette Square
                Buffalo, New York 14203
                Attorney for the Chapter 7 Trustee

                John H.  Ring III, Esq.
                385 Cleveland Drive
                Cheektowaga, New York 14215
                Attorney for the Debtors

Bucki, Chief U.S.B.J., W.D.N.Y.

    The trustee in this Chapter 7 case objects to the debtor's claim of an exemption for her interest in a Canadian pension.  The central issue in this dispute involves the circumstances under which a debtor may exempt a retirement account that is not qualified under the Internal Revenue Code of the United States.

    Prior to 1995, Susan Valentine worked as a speech pathologist in the Province of Ontario.  By reason of that employment, Mrs. Valentine acquired rights in what is known as the Hospital of Ontario Pension Plan, or "HOOPP."  By affidavit, she has provided evidence that this asset operates as more than a savings arrangement.  Funded by employers, HOOPP is a defined benefit plan that allows distributions only upon death or retirement.

    Susan Valentine now resides in the United States.  On June 20, 2013, she and her husband Richard filed a joint petition for relief under Chapter 7 of the Bankruptcy Code.  In schedules filed with that petition, the debtors acknowledged Susan's interest in a "Retirement account" having a present value of approximately $47,000.  Mr. and Mrs.

Valentine further elected to claim federal exemptions.  Accordingly, the debtors assert that

the wife's retirement account is fully exempt under 11 U.S.C. § 522(d)(10)(E).  In now

challenging this position, the Chapter 7 Trustee contends that no allowable exemption can

extend to a retirement account that is not established under or recognized by the Internal

Revenue Code.

Section 522 of the Bankruptcy Code allows debtors to exempt certain assets from

administration.  Although subdivision (b) of this section gives to each state the option to

override the standard exemptions of the Bankruptcy Code, New York grants to debtors the

right to choose either state or federal exemptions.  *See* NEW YORK DEBT. & CRED. LAW § 285

(McKinney Supp. 2013).  Having elected the federal exemptions, Mr. and Mrs. Valentine

may here protect those assets listed in 11 U.S.C. § 522(d).  Within this section, two

subdivisions speak to the issue of pensions.  Subdivision (12) permits an exemption for

"[r]etirement funds to the extent that those funds are in a fund or account that is exempt

from taxation under section 401, 403, 408A, 414, 457, or 501(a) of the Internal Revenue

Code of 1986."  Established under Canadian law rather than pursuant to any provision of

the Internal Revenue Code, the HOOPP pension of Mrs. Valentine receives no protection

under subdivision (12).  But a debtor may also exempt property under 11 U.S.C. §

522(d)(10), which states in relevant part that an exemption extends to the following

property:

> (10) The debtor's right to receive – . . . (E) a payment under a
> stock bonus, pension, profitsharing, annuity, or similar plan or
> contract on account of illness, disability, death, age, or length of
> service to the extent reasonably necessary for the support of the
> debtor and any dependent of the debtor, unless –
>> (i) such plan or contract was established by or
>> under the auspices of an insider that employed the
>> debtor at the time the debtor's rights under such
>> plan or contract arose;
>> (ii) such payment is on account of age or length or
>> service; and
>> (iii) such plan or contract does not qualify under
>> section 401(a), 403(a), 403(b), or 408 of the
>> Internal Revenue Code of 1986.

In the present instance, the HOOPP pension appears to qualify as a "pension . . . or similar plan" that accords rights to Susan Valentine "on account of . . . age, or length of service."  Subject only to an exception that we will examine hereafter, the language of section 522(d)(10) allows the debtor to exempt this pension "to the extent reasonably necessary for the support of the debtor and any dependent of the debtor."  The question of reasonable necessity is an issue of fact, but one whose consideration is subject to the requirements of Rule 4003.  In relevant part, it provides that in any hearing on an objection to a claim of exemptions, "the objecting party has the burden of proving that the exemptions are not properly claimed."  On its face, the HOOPP pension appears to be a modest and reasonable arrangement to address future retirement needs.  Offering no evidence to dispute a finding of reasonableness, the trustee fails to carry the burden of proof on his objection.

The exemption allowed under 11 U.S.C. § 522(d)(10) is subject to an exception that arises when each of three components is demonstrated.  The HOOPP pension grants benefits on account of age or length of service.  Admittedly, the plan does not qualify under any provision of the Internal Revenue Code of 1986.  However, the statutory exception also requires that the plan be established "under the auspices of an insider that employed the debtor at the time the debtor's rights under such plan or contract arose."  Here, the trustee offers no evidence that the employer held any kind of insider relationship with the debtor.  Thus, the exception does not apply, so that the HOOPP pension is fully exempt.

For the reasons stated above, the trustee's objection to the debtor's claim of exemption is overruled.

So ordered.

Dated:      Buffalo, New York                    /s/       CARL L.  BUCKI
            July 11, 2014                         Carl L.  Bucki, Chief U.S.B.J., W.D.N.Y.